Not Intended for Print Publication

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **DAVID JOE SHELTON**, | ) |
| Petitioner, | ) Case No. 7:06CV00422 |
| v. | ) **OPINION** |
| **ALBERTO GONZALEZ, ET AL.**, | ) By: James P. Jones |
| | ) Chief United States District Judge |
| Respondents. | ) |

*David Joe Shelton, Pro Se*.

Petitioner David Joe Shelton, a federal inmate proceeding pro se, has filed a petition that he styles as a Petition for a Writ of Habeas Corpus, pursuant to the original habeas corpus statute, 28 U.S.C. § 451 (1940). Upon review of the petition, I find it appropriate to dismiss the action without prejudice, as Shelton may raise his current claims in his pending direct criminal appeal in Case No. 1:04CR00045.

On April 21, 2005, a jury of this court found Shelton guilty of all three charges on which he was tried—conspiracy to traffic in oxycodone, possession of this drug with intent to distribute, and participation in a continuing criminal enterprise. I conducted a sentencing hearing on November 4, 2005, during which I dismissed the conspiracy count and imposed concurrent sentences of 240 months and 360 months

in prison for the drug possession and continuing criminal enterprise convictions. Shelton filed a motion for acquittal and a motion for new trial. After conducting a hearing on the matter, I denied both motions. Shelton subsequently filed an appeal that is now pending before the United States Court of Appeals for the Fourth Circuit.

In his current petition, Shelton asserts that this court had no jurisdiction to try or sentence him because the federal criminal statutes under which he was convicted are unconstitutional. He further claims that government attorneys knew the statutes to be unconstitutional and that their prosecution of the case worked a fraud upon the court. Shelton also argues that federal habeas statutes, other than the 1940 statute that he cites, are unconstitutional and refuses to have his current petition construed as arising under any of these other statutes.

The well established general rule is that, absent extraordinary circumstances, the district court should not consider a habeas petition while a direct appeal is pending. *Bowen v. Johnston*, 306 U.S. 19, 26-27 (1939). Shelton fails to present extraordinary circumstances compelling this court to address his habeas petition during the pendency of his direct appeal. Moreover, Shelton does not offer any reason that he could not address the claims in this petition to the court of appeals in his appeal proceedings.

For the stated reasons, I will dismiss this habeas petition without prejudice.[1]

A separate Final Order will be entered herewith.

DATED: July 19, 2006

/s/ JAMES P. JONES
Chief United States District Judge

---

[1] Dismissal of this petition without prejudice will not prevent Shelton from pursuing habeas relief after appeal proceedings are completed. *See, e.g., Villanueva v. United States*, 346 F.3d 55, 60 ( 2d Cir. 2003) (prior § 2255 motion dismissed as premature does not trigger successive petition bar).